```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


DALE M.L. DENNEY,

                         Plaintiff,

           v.                                  CASE NO. 08-3241-SAC

JEFF SMITH,

                         Defendant.
```

## O R D E R

This matter is before the court on a complaint seeking relief under 42 U.S.C. § 1983.  Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se and has paid the full district court filing fee.  Nonetheless, because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  *See* Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000)(§ 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee).

In this action, plaintiff seeks damages and unspecified injunctive relief for the alleged wrongful computation of his state sentence to deny plaintiff credit for approximately 2.5 years of imprisonment beyond the expiration of plaintiff's 1987 sentence.  Having reviewed the complaint, the court finds the complaint is subject to being summarily dismissed without prejudice.

The Supreme Court has held that if success on a state prisoner's claim would necessarily impact the validity of the prisoner's confinement or its duration, then an action brought under 42 U.S.C. § 1983 for damages or equitable relief is barred unless the prisoner first demonstrates the challenged confinement or sentence has been invalidated or otherwise set aside. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 82 (2005)(*citing* <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994)). Plaintiff makes no such showing on the face of his complaint. Moreover, a federal district court recently denied plaintiff's application for habeas relief from the alleged wrongful computation of plaintiff's state sentences. *See* <u>Denney v. Roberts</u>, Case No. 05-3012-WEB.

Accordingly, the court directs plaintiff to show cause why the complaint should not be summarily dismissed without prejudice as failing to state a claim for relief because plaintiff seeks relief that is barred under <u>Wilkinson</u> and <u>Heck</u>.[1]  28 U.S.C. § 1915A(b).[2] The failure to file a timely response may result in the dismissal of the complaint without prejudice, and without further prior notice to plaintiff.

---

[1]See <u>Davis v. Kansas Dept. of Corrections</u>, 507 F.3d 1246 (10th Cir. 2007)(dismissal of § 1983 claim barred by <u>Heck</u> counts as a strike).

[2]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915A(b) will count as a "strike" under 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed without prejudice as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 8th day of October 2008 at Topeka, Kansas.

       s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge