```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**DALE M.L. DENNEY,**

                **Plaintiff,**

      v.                                        CASE NO. 08-3241-SAC

**JEFF SMITH, et al.,**

                **Defendants.**


## O R D E R

Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se on a complaint seeking relief under 42 U.S.C. § 1983.

Plaintiff seeks damages and injunctive relief for the alleged wrongful computation of his state sentence and denial of credit for approximately 2.5 years of plaintiff's imprisonment beyond the expiration of his 1987 sentence. Because plaintiff's allegation of error appeared to necessarily impact the validity of the duration of his present confinement, the court found his § 1983 action for damages and equitable relief was barred absent a showing the computation of his sentence had been invalidated or otherwise set aside. *See* Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)(*citing* Heck v. Humphrey, 512 U.S. 477 (1994)). Because plaintiff made no such showing on the face of his complaint, the court directed plaintiff to show cause why the complaint should not be summarily dismissed without prejudice as failing to state a claim for relief because plaintiff seeks relief that is barred under Wilkinson and Heck. *See* 28 U.S.C. § 1915A(a) and (b)(court to screen civil complaint filed

by a prisoner to identify cognizable claims and to dismiss the complaint or any portion thereof that is (1) frivolous, malicious or fails to state a claim, or (2) seeks damages from a defendant immune from such relief).

In response, plaintiff broadly contends <u>Wilkinson</u> and <u>Heck</u> do not apply because success on his claims regarding his 1987 sentence will not impact the validity or duration of his present confinement. He also reiterates his understanding of how his current state sentences should be treated in computing his present parole eligibility date.

Having reviewed the record, the court remains convinced this action should be dismissed.

Plaintiff was sentenced to a prison term of five to twenty years for his crimes in 87 CR 944. While on parole for that sentence he was arrested in 1993 on new criminal offenses. As a result, his parole was revoked, and pursuant to state statutes in effect at the time, his indeterminate 1987 sentence was converted to a determinate sentence of 36 months. As plaintiff had already served more than 36 months, no further service of the 1987 sentence was required. He remained confined on the 1993 offenses.

To the extent plaintiff now seeks damages for 2.5 years of confinement beyond the 36 month converted sentence, such relief is foreclosed because plaintiff points to no court decision or other action indicating the 2.5 years of service on his yet unconverted indeterminate sentence of five to twenty years was illegal. Thus <u>Wilkinson</u> and <u>Heck</u> bar plaintiff's action for monetary relief.

To the extent plaintiff seeks injunctive relief to prevent state officials from using plaintiff's 1987 conviction and sentence

2

in calculating his current sentence and parole eligibility date, such relief lies in habeas corpus - a route plaintiff has attempted without success.  See <u>Denney v. Roberts</u>, Case No. 05-3012-WEB (D.Kan. June 27, 2006)(denying habeas corpus relief for the alleged wrongful computation of petitioner's state sentences), *certificate of appealability denied and appeal dismissed* (10th Cir. October 2, 2006).

IT IS THEREFORE ORDERED that this action is dismissed without prejudice as stating no claim upon which relief can be granted under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED:  This 11th day of February 2009 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge