IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DALE M.L. DENNEY,

                    Plaintiff,

          v.                              CASE NO. 08-3241-SAC

JEFF SMITH, et al.,

                    Defendants.


                    O R D E R

     Plaintiff, a prisoner incarcerated in a Kansas correctional
facility, proceeds pro se on a complaint seeking relief under 42
U.S.C. § 1983.  By an order dated February 11, 2009, the court
dismissed the complaint without prejudice.  Before the court is
plaintiff's motion to alter and amend that final order and judgment.
Fed.R.Civ.P. 59(e).

     In his complaint, plaintiff sought damages and injunctive
relief for the alleged wrongful computation of his state sentence
and denial of credit for approximately 2.5 years of plaintiff's
imprisonment beyond the expiration of his sentence in his 1987
criminal case once the Kansas Court of Appeals determined in 2001
that pursuant to the Kansas Sentencing Guidelines Act (KSGA),
plaintiff's indeterminate five to twenty year sentence in the 1987
case should have been converted to a determinate three year
sentence.  The court dismissed the complaint, finding plaintiff's
claim for damages was barred by Heck, and finding plaintiff's claim
for injunctive relief must be pursued in habeas corpus.

     In the instant motion before the court, plaintiff states he now
seeks only damages for his confinement beyond 36 months in the 1987

case, and contends the court erred in finding there was no court determination regarding his sentence in that case that satisfied the favorable termination rule in Heck.  The court disagrees.

Plaintiff argues the sentence in his 1987 case expired on January 7, 1991, three years after it was imposed in January 1988. He seeks damages for his alleged unlawful incarceration from January 7, 1991, until his arrest on new charges in July 1993.  However, under Kansas law, plaintiff was not entitled to conversion of his indeterminate sentence in the 1987 case until July 1993 when he violated the conditions of his parole in the 1987 case.  See State v. Denney, 278 Kan. 643, 644-45 (2004)(explaining that conversion of the 1987 operated by application of K.S.A. 1993 Supp. 22-3717(f), a statute providing a nine month window for parolees committing new crimes to have prior sentences converted under the KSGA).  Although a Kansas court determined that plaintiff's service of his indeterminate sentence in the 1987 case exceeded the 36 month sentence required once converted under the KSGA, that determination does not constitute a finding that plaintiff's service of his indeterminate sentence from January 1991 to July 1993 was unlawful or otherwise invalid.[1]

A motion under Rule 59(e) to alter or amend the judgment in a

---

[1]Moreover, even if the favorable termination rule in Heck could be assumed satisfied or not applicable as plaintiff variously contends, plaintiff's claim for damages in the present case would clearly be time barred where plaintiff filed his complaint more than two years after the Kansas Court of Appeals determined that plaintiff's sentence in the 1987 case should have been converted to a determinate 36 months sentence pursuant to K.S.A. 1993 Supp. 22-3717(f). See Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993)(two-year statute of limitations for bringing a civil rights action pursuant to 42 U.S.C. § 1983); Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1997)(civil rights action accrues when facts that would support a cause of action are or should be apparent).

civil action provides the court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, or consider a change in the law).  <u>Servants of the Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000).  Finding plaintiff has demonstrated no such reason for amending or modifying the judgment entered in this matter, the court denies the motion.

IT IS THEREFORE ORDERED that plaintiff's motion to alter and amend the judgment (Doc. 7) is denied.

**IT IS SO ORDERED.**

DATED:  This 7th day of May 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge